UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON WELCH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:18-CV-218-CDP |
| BRIGETT AGNEW, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was filed jointly by four prisoners confined at the Pemiscot County Jail: Aaron Welch, Jason Lee, Andre Welch, and Craig Hill.[1] Plaintiffs bring this action under 42 U.S.C. § 1983 alleging the conditions at the Pemiscot County Jail violate their constitutional right to be free of cruel and unusual punishment; they are being retaliated against for filing a prior lawsuit; and plaintiff Craig Hill was "choked and man handled by another officer who is now fired due to murdering an inmate August 16, 2018."

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g.*, *Georgeoff v. Barnes*, No. 2:09-CV-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). As a result, the Court will strike three of the plaintiffs from this case and order the Clerk of Court to open new cases for them.

---

[1] The complaint is signed by all four plaintiffs, but the motion to proceed in forma pauperis is signed by only Aaron Welch and Craig Hill. The motion to appoint counsel is signed only by Aaron Welch.
   The Court notes for plaintiffs that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*

There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee would be circumvented in a multiple plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Federal Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2011), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, No. 08-6010 (RBK), 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other courts] have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that coercion, subtle or not, frequently plays a role in relations between inmates.

*Id.* (quotations omitted).

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** plaintiffs Jason Lee, Andre Welch, and Craig Hill from this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to open three new cases, one for each plaintiff Jason Lee, Andre Welch, and Craig Hill using the complaint (Doc. 1) in the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Craig Hill's motion for leave to proceed in forma pauperis (Doc. 2) in plaintiff Craig Hill's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in the new actions.

Dated this 1st day of November, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE